# 98 DTA 205

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VII DE CAROLINA Y FAJARDO

DORAL FINANCIAL CORPORATION FORMERLY FIRST FINANCIAL CARIBBEAN CORPORATION DOING BUSINESS AS HF MORTGAGE BANKERS
Demandante-Apelante

v.

MAURICE P. VAN DEN BROEK T/C/C MAURICE P. VAN BROEK Y SU ESPOSA YANIRA NIEVES T/C/C YANIRA NIEVES CORUJO, ETC.
Demandados-Apelados

Núm. KLAN-98-00772

San Juan, Puerto Rico, a 11 de agosto de 1998

Panel integrado por su Presidente, Juez Arbona Lago
y los Jueces Salas Soler y Giménez Muñoz

Arbona Lago, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

#### Antecedentes

El 17 de noviembre de 1997 Doral Financial Corporation (Doral) instó demanda en cobro de dinero y ejecución de hipoteca contra la parte aquí demandada. No se trata de un pleito de clase, sujeto a las disposiciones de la Regla 20.5 de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III, ni existen menores de edad en el litigio que requieren del ejercicio de la patria potestad del foro judicial.

Se emplazó y por falta de contestación o instancia el 7 de abril de 1998 el demandante solicitó la anotación de la rebeldía de los demandados.

Poco después y sin que todavía la parte demandada hubiere presentado contestación o comparecido en autos de otra forma, el 22 de abril de 1998 Doral solicitó el desistimiento de la acción al no tener *"...ulterior interés en la prosecución del presente litigio...".* Concluyó dicho escrito solicitando *"...que se le considere desistida de la presente acción judicial sin perjuicio".*

El 1 de mayo de 1998 el ilustrado foro de instancia dictó *"Sentencia de Archivo por Desistimiento"* con perjuicio y al amparo de las disposiciones de la Regla 39.1 de Procedimiento Civil. Notificado el archivo en autos de tal sentencia el 6 de mayo de 1998, en tiempo la apelante solicitó reconsideración y determinación de hecho adicional. Instancia las denegó mediante orden del 27 de mayo de 1998, notificada el 1 de junio de 1998, de la siguiente forma:

*"No ha Lugar; de haber ulteriores eventos de incumplimiento se constituiría una nueva causa de acción y no operaría la defensa de cosa juzgada por ser una deuda nueva."*

De ello recurre Doral mediante apelación, presentada el 29 de junio de 1998. Se trata de un asunto totalmente de derecho. No hay ni existe hecho alguno en controversia, por lo que no es menester acudir a las disposiciones de las Reglas 16(C)(3), 19, 20 y 76 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII(A), para la reproducción de prueba oral. La parte demandada (en rebeldía) fue notificada de la presentación de la causa del epígrafe el 29 de junio de 1998, por lo que ya para el 30 de julio de 1998 había transcurrido el término de ley (Regla 22 del Reglamento, *supra*) para la presentación en autos de cualquier alegato de parte la apelada. La causa está sometida y debemos resolver.

El apelante imputa la comisión del siguiente señalamiento de error:

*"Erró el Tribunal de Primera Instancia, Sala Superior de Carolina, al dictar sentencia de desistimiento con perjuicio cuando la solicitud de la parte demandante-apelante fue de desistimiento sin perjuicio previo a contestación o solicitud de sentencia sumaria."*

### Exposición y Análisis

En aras de la brevedad y la economía procesal nos dirigiremos inmediata y directamente al tuétano procesal del asunto.

Aunque el demandante-apelante no tituló correctamente su *"Moción de Desistimiento"* del 22 de abril de 1998, en realidad se trata de un Aviso de Desistimiento correctamente presentado ante Instancia al amparo de la Regla 39.1(a)(1) de Procedimiento Civil. *"Ello opera y tiene efecto desvinculatorio automático, desde el mismo instante de su presentación. Ante un aviso de esta naturaleza procesal privilegiada, nada puede añadir o anteponer el foro judicial, salvo cuando se trate de un pleito que afecte una clase, (Regla 20 de Procedimiento Civil, supra), o se requiera del ejercicio del "parens patriae" judicial. Es decir, ante los hechos que esta causa informa, el trámite para unir en autos la sentencia de archivo, sólo tiene efecto procesal de trámite y nada sustantivo puede añadir al aviso desistorio."*

En su parte pertinente la Regla 39.2(a)(1) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone lo siguiente:

*"...un demandante podrá desistir de un pleito sin orden del Tribunal, (1) mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción solicitando sentencia sumaria, cualesquiera de éstas que se notifique primero".*

En *García Aponte v. E.L.A.*, 135 D.P.R. ___ (1994), **94 J.T.S. 14,** se dijo en relación a la función de la Regla 39.1(a)(1) de nuestro ordenamiento procesal civil:

*"...un demandante podrá desistir de un pleito sin orden del tribunal, (1) mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción solicitando sentencia sumaria, cualesquiera de éstas que se notifique*

*primero".*

*"Se ha interpretado que al amparo del inciso (1) de la Regla 39.1(a), el demandante tiene derecho a desistir de la tramitación de la acción."*

*"Para el actor desistente, en realidad constituye un privilegio procesal inmune a la imposición de términos o condiciones, a menos que él se los imponga en su propio aviso. Causa la inmediata terminación del litigio que inició; pero la causa de acción o reclamación ejercitada no se extingue; puede reclamarla una vez más. Su completa efectividad se adquiere tan pronto se presenta en el tribunal el aviso declarativo de la voluntad de desistir; toda orden o resolución desestimatoria resulta superflua. J. Cuevas Segarra, Práctica Procesal Puertorriqueña, Procedimiento Civil, Publicaciones J.T.S., 1985, Vol. II, pág. 202; Kane v. República de Cuba, 90 D.P.R. 428 (1964).*

*"Tal manifestación no admite oposición de la parte adversa ni requiere de la aprobación del Tribunal para surtir efecto, de modo que causa la inmediata terminación del litigio. Kane v. República de Cuba, supra.*

*"Conforme lo resuelto por nosotros en Silva Wiscovich v. Weber Dental MFG. Co., supra, la presentación ante el tribunal del aviso de desistimiento pone fin al pleito... Los eventos posteriores a tal manifestación de voluntad, como la fecha en que el tribunal dicta sentencia, la archiva y notifica, o ésta adviene final y firme nada tienen que ver con que surta efecto dicha expresión de voluntad y, por consiguiente, resultan impertinentes."*

Realmente, en este caso, el foro de instancia no estaba ante una moción --común y corriente-- que le permitiera el ejercicio de algún grado de discreción. Por ello no podía varíar el término claro del aviso de desistimiento, adjetivado como *"sin perjuicio".* Al actuar de otro modo incidió en error. Debemos revocar y sustituir la sentencia de archivo por una *"sin perjuicio",* según consignado en el aviso de desistimiento.

Finalmente y aunque esto no constituya aquí *"ratio decidendi",* debemos señalar que el pronunciamiento del tribunal de instancia --al efecto de que el archivo con perjuicio no operaría prospectivamente *"como cosa juzgada"* ante un subsiguiente incumplimiento, porque entonces se trataría de nueva deuda-- sólo sería cierto bajo el supuesto de que una vez restablecida la relación normal de deudor y acreedor ocurriera luego un nuevo incumplimiento. Ello, entonces, constituiría una nueva causa de acción en reclamo de cantidad menor o mayor, dependiendo de los abonos al capital y acumulación de intereses y demás créditos. Tal situación no podría aquí anticiparse, porque no consta de autos que eso en realidad fue lo que causó el aviso de desistimiento. Por lo tanto, no se puede utilizar para resolver. No habiéndose practicado ante instancia prueba alguna no es posible hacer pronunciamiento alguno de hecho. Por igual razón tampoco se puede recurrir a la inferencia. Basta señalar que el desistimiento del demandante por no tener *"...ulterior interés"* podría obedecer a cualquier otra consideración que no afectare el monto de la deuda según ésta fue originalmente reclamada en autos. En tal sentido un archivo con perjuicio dispondría totalmente de la deuda y sólo procedería la cancelación del pagaré y su garantía hipotecaria. *First Bank v. Inmobiliaria,* **98 J.T.S. 18;** *Banco de la Vivienda v. Carlo Ortiz,* 131 D.P.R. ___ (1992), **92 J.T.S. 76.**

### Dictamen

Conforme a lo señalado, se modifica la sentencia de archivo apelada para que la misma sea sin perjuicio, en lugar de con Perjuicio; conforme a los términos del aviso de desistimiento presentado por la parte demandante-apelante, que son concluyentes en la terminación de esta cláusula.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida I. Oquendo Graulau
Secretaria General